# MARTHA GLEWWE v. ST. PAUL CITY RAILWAY COMPANY.[1]

May 17, 1912.

Nos. 17,513—(101).

**Ejecting passenger — excessive damages.**
    Action to recover damages for wrongful ejection from a street car. *Held,* that an award of damages in the sum of $150 is excessive, and that a new trial be granted, unless the plaintiff consents to reduce the verdict to $100.

Action in the district court for Ramsey county to recover $400 actual damages and $100 exemplary damages, for wrongful ejection from a street car. The answer alleged that plaintiff boarded defendant's car and did not pay any fare. The reply admitted that plaintiff did not pay her fare but alleged that at two different times plaintiff's husband tendered sufficient fare to the conductor, who refused to take it. The case was tried before Finehout, J., and a jury which returned a verdict in favor of plaintiff for $150. From an order denying defendant's motion for a new trial, it appealed. Reversed, and new trial granted unless within fifteen days after the remittitur is filed plaintiff consent to a reduction of the verdict to $100, in which case the order is affirmed.

*W. D. Dwyer,* for appellant.
*Converse & Grannis,* for respondent.

PER CURIAM.
Action to recover damages, which the plaintiff claims to have sustained by reason of her wrongful ejection from a street car of the defendant upon which she was a passenger. Verdict for the plaintiff in the sum of $150. The defendant appealed from an order denying its motion for a new trial, and assigns as error that the dam-

[1] Reported in 136 N. W. 2.

ages are excessive and appear to have been given under the influence of passion and prejudice.

The evidence on behalf of the plaintiff tended to establish these facts: On the afternoon of May 30, 1911, the plaintiff, accompanied by her husband, boarded the car at the corner of Market and Fourth streets, St. Paul, and occupied the same seat. When the conductor called for their fares, the husband handed him a ten-cent piece, which he refused to accept for the alleged reason that it was not money. After the car crossed Wabasha street, the conductor again demanded the fares of the husband, who then handed him another ten-cent piece, which was refused for the same reason by the conductor, who said to the husband that he had a regular collection of such money and was looking for free rides, and that he must leave the car, which was stopped at Minnesota street, and the conductor ordered the husband to get off the car. Thereupon the plaintiff and her husband left the car in compliance with the order. The conductor said nothing to the plaintiff; but the fair inference from the evidence is that she was included in the order to leave the car, and that she heard all that was said by the conductor. In answer to a question as to the effect of being ordered out of the car upon her, she testified that: "I was nervous and kinder ashamed of myself. It is not so easy to be ordered off of the car. I feel kind of ashamed, and all the people there looked at us as if we done something that wasn't right. We were willing to pay, but he wouldn't take it."

The evidence is practically undisputed that the dimes tendered for the fares were more or less worn, and that this was the reason why the conductor would not accept them. The evidence as to the condition of the dimes was conflicting, but the verdict establishes the fact that they were not so worn that they were not a legal tender. A consideration of the evidence has led us to the conclusion that the verdict is so excessive that there should be a new trial, unless the plaintiff consents to a reduction thereof to $100.

Ordered, that the order appealed from be reversed, and a new trial granted, unless the plaintiff, within fifteen days after a remittitur is filed in the municipal court, files her written consent that

the verdict be reduced to $100, in which case the order stands affirmed and judgment may be entered on the verdict as reduced.